UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:17-cr-22 |
| ) | |
| BRYANT MCCRAY ) | |

**OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S § 2255 PETITION**
(Docs. 253 & 297)

This matter came before the court for a review of the Magistrate Judge's November 10, 2020 Report and Recommendation ("R & R") (Doc. 297) in which he recommends the court deny the January 27, 2020 petition filed pursuant to 28 U.S.C. § 2255 by self-represented Defendant Bryant McCray. (Doc. 253.) In his petition, Defendant seeks a reduction of his 129-month term of imprisonment for conspiracy to distribute heroin and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and arson, in violation of 18 U.S.C. § 844(i). He did not file a direct appeal. Defendant challenges the validity of the initiation of the prosecution, claims a search warrant was invalid due to procedural errors, alleges grand jury abuse, raises purported errors at the sentencing hearing, and sets forth five bases for a claim of ineffective assistance of counsel. On May 6, 2020, Defendant's trial attorney filed a declaration in response to the § 2255 petition. On June 5, 2020, the government opposed Defendant's petition. Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*,

194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rule 72(b) requires a party to provide "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (concluding a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority . . . does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

In his twenty-page R & R, the Magistrate Judge carefully examined Defendant's claims and concluded that Defendant failed to establish that his attorneys' performance was ineffective and that he suffered prejudice as a result of their allegedly deficient performance or made a claim of actual innocence. In addition, the Magistrate Judge correctly determined that Defendant's remaining claims are either waived by virtue of his guilty plea or procedurally defaulted because he failed to raise the arguments on direct appeal. In such circumstances, Defendant's requested relief is not warranted. The court finds the R & R both well-reasoned and well-supported.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 297) and DENIES Defendant's § 2255 petition (Doc. 253).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

Dated at Burlington, in the District of Vermont, this 16th day of February, 2021.

Christina Reiss, District Judge
United States District Court